## BARRON v. DENT.

1. *Quære:* Will the filing of the original proceedings before a trial justice in the clerk's office make the justice's judgment a judgment of the Circuit Court ?
2. A transcript of a *valid* judgment only of a trial justice can be filed in the office of the clerk of the Circuit Court; where the trial justice never acquired jurisdiction of the defendant, his judgment is a nullity, and so is the transcript.
3. Endorsement of service of summons, unsigned and unproven, is not evidence of service, even if written by the trial justice himself.
4. An indorsement by the trial justice upon the summons, showing a taxation of costs for "hearing, examination of witness, and subpœna," does not warrant an inference that the defendant appeared in the case.
5. The Circuit judge, upon an inspection of a trial-justice's book of civil cases, seeing that it contained only entries of indorsements upon the original papers, which were already in evidence, rejected the book as testimony. In this there was no error.
6. Parol testimony is inadmissible to prove that a defendant in a trial-justice's court appeared at the trial and defended. Service of the defendant, or his voluntary appearance, can be shown only by the original papers, or by the book which the law requires the trial justice to keep.

---

Before PRESSLEY, J., Richland, July, 1881.

Action for partition instituted by Jacob T. Barron against Alice Dent and others, heirs at law of Samuel Dent, deceased. The plaintiff purchased the interest of James M. Dent, the

other heir at law of Samuel, at sheriff's sale in 1881, under the judgment of Gooding & Son against J. M. Dent obtained in December, 1880, and also claimed title under an execution of *Stokes* v. *J. M. Dent* then in the sheriff's office, issued in November, 1876, for $94.32, under transcript (or rather original proceedings) lodged in the clerk's office same day—the original judgment having been obtained before a trial justice in December, 1874. The deed of James M. Dent to the other heirs of Samuel Dent, in consideration of an indebtedness to the estate of Samuel in excess of his distributive share, was executed and recorded in January, 1880.

After the testimony was taken before the Circuit judge the case was submitted to him without argument. After a statement of the case his decree was as follows : The validity of the plaintiff's title rests upon the validity of the Stokes judgment. This was a judgment of an inferior tribunal, and " if the proceedings show upon their face a want of jurisdiction, or fail to show that which was necessary to confer jurisdiction, the whole is an absolute nullity." An inspection of the record offered fails to show that the said James M. Dent was ever served with the summons or otherwise brought within the jurisdiction of the court rendering the judgment against him. This defect the plaintiff proposed to remedy, and offered to prove by a witness that the said James M. Dent voluntarily appeared at the trial upon which judgment was rendered against him. The plaintiff was not permitted to prove such appearance by parol, and the record of the trial justice offered failing to show that the party against whom the judgment in question was rendered was ever brought within the jurisdiction of the trial justice, the judgment was a nullity, and could therefore lend no aid in perfecting a sale otherwise ineffectual to pass the title herein sought to be enforced.

*It is therefore ordered, adjudged, and decreed,* that the complaint be dismissed with costs.

Other matters, and also the points raised by the exceptions, are fully stated in the opinion.

Mr. *W. H. Lyles,* for appellant.

Mr. *W. A. Clark*, contra.

April 11, 1882.    The opinion of the court was delivered by

Mr. JUSTICE MCIVER.    This was an action for partition of real estate, which belonged to one Samuel Dent at the time of his death.    The plaintiff's claim rested upon an alleged pur-chase by him at sheriff's sale of the interest of James M. Dent,. one of the heirs of Samuel Dent, while the defendants, who were the other heirs, claimed the same interest under a deed from said James M. Dent.    The interest of James M. Dent in the land was levied on and sold by the sheriff under an execu-tion in favor of A. F. Gooding & Son against James M. Dent,. but it appeared that prior to the recovery of the judgment upon which this execution was issued the said James M. Dent had conveyed all his interest in the land to the defendants.

The plaintiff then sought to sustain his claim by an alleged judgment recovered by one M. A. Stokes against James M. Dent prior to the date of said conveyance, and the question made by this appeal is as to the validity of the Stokes judg-ment.    This purported to be a judgment recovered before a. trial justice, a transcript of which was lodged in the clerk's. office and execution issued thereon.    The case was tried before the judge without a jury; and as it did not appear from an in-spection of what was called the judgment roll, which had been filed in the clerk's office as the transcript of the judgment, that the defendant therein had ever been served with process, he held that the alleged judgment was a nullity, inasmuch as the proceedings failed to show on their face that the trial justice had acquired jurisdiction of the person of the defendant therein.

The plaintiff offered parol evidence to show that the defend-ant in the case before the trial justice had voluntarily appeared and thereby waived the necessity for service; but this evi-dence was rejected, and this is relied upon as one of the grounds of appeal.    It seems also that the book kept by the trial justice was offered in evidence, but it was conceded that this showed nothing more than the indorsements on the original summons found in the judgment roll.    The indorsements on

the summons showed the taxation of costs, and among the items were charges for "hearing," "for examining one witness," for "one subpœna writ," and for constable's costs. There was also an indorsement, not signed by any one, however, in the following language : " I have served the defendant with a copy of the within summons. 21st November, 1874"—which seems to have been the date of the original summons.

The appellant contends, first, that after the transcript was filed in the clerk's office it became a judgment of the Court of Common Pleas, a court of general jurisdiction, and therefore that it was not necessary that all the jurisdictional facts should appear affirmatively upon the record. Waiving the inquiry whether the filing of the original proceedings before the trial justice in the clerk's office was a compliance with the provisions of the code authorizing the filing of a transcript of a trial justice's judgment in the clerk's office, and thereby imparting to it the character and efficiency of a judgment of the Superior Court, it is sufficient here to say that before such a transcript can be filed in the clerk's office there must be a valid judgment of the trial justice, and if the trial justice never acquired jurisdiction over the person of the defendant, then the so-called judgment was a nullity—and no transcript of it could impart any vitality to it.

Second. Next it is contended that the Circuit judge erred in not finding that the proceedings before the trial justice did show that the defendant therein had been served with the summons. This ground rests upon the position that the un-signed indorsement, copied above, was sufficient to show that the summons had been served by the trial justice himself, inasmuch as one of the witnesses, who was the clerk of the trial justice, testified that all the indorsements on the summons were made by him, in the presence and under the direction of the trial justice; and it was therefore argued that it was the same in substance as if the trial justice had signed this indorsement and thereby declared that he had served the defendant with a copy of the summons. But even assuming this to be true, improbable as it appears, yet the law requires that where process is served by a person other than the sheriff, proof of

such service shall be made by the affidavit of the person making the service, and hence his mere certificate will not answer.

Third. Again, the appellant contends that the fact that the defendant appeared and made a defence may be inferred from the indorsements upon the summons, showing that there was a hearing and examination of witnesses, which would not have been necessary if the defendant had not appeared. But Subdivision 8 of Sec. 90 of the code of procedure expressly provides that " in case a defendant does not appear and answer, the plaintiff cannot recover without proving his case." The provision in the next subdivision cannot be regarded as nullifying the provision of the preceding subdivision, but must be construed in connection with it, and its terms show that it does not apply to a case of default, but to a case where the other party appears.

Fourth. The appellant's next position is that it was error to exclude the book of the trial justice. Practically this was not done. The case was being heard by the judge, and inasmuch as, upon inspection of this book, it was found that the book showed nothing more than the indorsements on the original summons, he rejected it as unnecessary, and in this there was no error.

Fifth. Finally, the appellant contends that there was error in excluding the parol evidence offered to show that the defendant appeared at the trial and defended the case. It is quite true that " a voluntary appearance of a defendant is equivalent to personal service of the summons upon him" (Code, Sec. 162). If, therefore, it had appeared that the pleadings in this case were in writing, and that the defendant had put in an answer, or if the pleadings were oral and the book required to be kept by the trial justice, " wherein he shall insert all his proceedings in each case by its title, showing *the commencement*, progress, and termination thereof" (*Gen. Stat.*, Ch. XXV., Sec. 41), had shown that the defendant had appeared, that would have been sufficient to show that the trial justice had acquired jurisdiction, even in the absence of any evidence that the summons had been served on the defendant or that he had given a written admission of service.

But where the proceedings before the trial justice, either as exhibited in the original papers, or in the book which the law requires him to keep, which, in the case of *Cherry* v. *McCants*, 7 *S. C.* 224, is declared to be the highest and best evidence of the proceedings before him, fail to show jurisdiction, we do not think it is competent to show by parol evidence the fundamental jurisdictional fact that the party had, by service of summons or by voluntary appearance, been brought within the jurisdiction of the trial justice. That fact must appear upon the proceedings, otherwise the whole is a nullity. This doctrine has long been established (*Devall* v. *Taylor*, *Cheves*, 5) and has been recently recognized and affirmed in the *State, ex rel. McCall*, v. *Cohen*, 13 *S. C.* 201.

The judgment of this court is that the judgment of the Circuit Court be affirmed.